UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| VERONICA DOE, <br><br> Plaintiff, <br><br> v. <br><br> RUTGERS UNIVERSITY, the State University of New Jersey, & SCOTT STROTHER, in his personal and official capacity, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM** |

Plaintiff, Veronica Doe ("Ms. Doe"), by and through her undersigned counsel, respectfully submits this memorandum of points and authorities in support of her Motion Seeking Leave to Proceed under Pseudonym ("Motion"), and states as follows:

## INTRODUCTION

This action arises out of the on-campus rape of Ms. Doe, a Rutgers University (RU) - Newark student, occurring in Talbott Apartment on or about the early morning of March 6, 2020, by T.D., a New Jersey Institute of Technology student (NJIT).[1] That same day, Ms. Doe reported the rape to Defendant RU. On March 16, 2020, she confirmed her desire to proceed with a formal complaint against T.D. with Title IX Coordinator, Defendant Scott Strother. Despite her prompt report and formal complaint, Defendants did not initiate the Title IX grievance process until July 9, 2020. They then failed to issue any outcome until February 25, 2021. Despite affirming T.D.'s responsibility for the rape on April 1, 2021, upon information and belief, Defendants never issued any corrective action against him. Due to the highly personal and sensitive nature of this matter, Ms. Doe requests that this Court grant her Motion Seeking Leave to Proceed under Pseudonym.

---

[1] At all times relevant, Defendant RU and NJIT had a consortium relationship allowing their respective students to access the other institution's educational programs and activities, as well as physical campus buildings.

3

## ARGUMENTS

While Fed. R. Civ. P. 10(a) requires the names of all parties to be listed on a civil complaint, courts within the Third Circuit have allowed a sexual assault victim anonymity as a party. *See, e.g.,* Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014). This Court has previously recognized that sexual assault victims may be put at risk for ongoing harassment, stalking, and revictimization if their personal identifying information is made available to the public. Oshrin, 299 F.R.D. at 102–104. To proceed under pseudonym, a party must show that they have "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id*. at 102 (*citing* Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). In weighing such a Motion, this Court should consider the relevant factors at play. *Id*. at 103 (citing Megless, 654 F.3d at 409.

Factors in support of Ms. Doe's motion are: (1) her true identify has been kept confidential to date both in civil filings and previous campus and criminal case efforts; (2) Ms. Doe reasonably fears that the disclosure of her personal identifying information would allow T.D., or others who doubt and harass rape victims, to retaliate against her for speaking out, and worries about the stigma associated with revealing the specific nature of the damages she has suffered in relation to the claims, *see, e.g.,* Doe v. Provident Life, 176 F.R.D. 464, 468 (E.D. Pa. 1997) ("Unfortunately, in our society, there is a significant stigma associated with being identified as suffering from a mental illness."); (3) the public interest in allowing victims to keep their privacy while asserts their legal rights, which many do not due to embarrassment, harassment, retaliation, and other consequences, *see, e.g.,* Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001) ("[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights"); (4) the public interest in this action is not impeded by protecting Ms. Doe's personal identifying information, *see, e.g.,* Oshrin, 299 F.R.D. at 104

("Plaintiff is a private citizen seeking to litigate private and highly-sensitive issues, not a public official for whom the public possesses a heightened interest. Moreover, even if Plaintiff's actual identity remains confidential, these proceedings will remain public, thereby preserving any general public interest in the subject matter of this litigation.") & Provident Life, 176 F.R.D. at 468; and (5) without this grant of anonymity, Ms. Doe will be deterred from publicly pursuing her claims, which may allow Defendants to similarly denying the civil rights of other student-victims absent a favorable ruling on her claims, *see, e.g.,* Evans, 202 F.R.D. at 176.  Of note, Ms. Doe has no illegitimate ulterior motives for seeking anonymity other than to maintain her privacy, safety, and well-being as a rape victim.  Oshrin, 299 F.R.D. at 103.

## CONCLUSION

For the foregoing reasons, Ms. Doe respectfully requests that the Court grant Plaintiff's Motion for Leave to Proceed Under Pseudonym.

This 30th day of December 2021.                    Respectfully Submitted,

_____
Brian Kent (N.J. Bar No. # 041892004)
Gaetano D'Andrea *(pro hac vice* pending*)*
LAFFEY BUCCI KENT, P.C.
1100 Ludlow Street, Suite 300
Philadelphia, PA  19107
T: 215-399-9255
F: 215-857-0075
BKent@laffeybuccikent.com
GDAndrea@laffeybuccikent.com

Laura L. Dunn, Esq. (*pro hac vice* pending)
L.L. DUNN LAW FIRM, PLLC
1717 K Street NW, Suite 900
Washington D.C. 20006
T: 202-302-4679
F: 202-776-0136
LDunn@lldunnlawfirm.com