UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| VERONICA DOE,<br><br>        Plaintiff,<br><br>v.<br><br>RUTGERS UNIVERSITY, the State University of New Jersey, & SCOTT STROTHER, in his personal and official capacity,<br><br>        Defendants. | 2:21-cv-20763-ES-MAH<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION SEEKING PROTECTIVE ORDER TO SEAL PORTION OF THE RECORD** |

Plaintiff, Veronica Doe ("Ms. Doe"), by and through her undersigned counsel, respectfully submits this memorandum of points and authorities in support of her Motion Seeking a Protective Order to Seal a Portion of the Record ("Motion"), and states as follows:

## INTRODUCTION

This action arises out of the on-campus rape of Ms. Doe, a Rutgers University (RU) - Newark student, occurring in Talbott Apartment on or about the early morning of March 6, 2020, by T.D., a New Jersey Institute of Technology student (NJIT).[1] That same day, Ms. Doe reported the rape to Defendant RU. On March 16, 2020, she confirmed her desire to proceed with a formal complaint against T.D. with Title IX Coordinator, Defendant Scott Strother. Despite her prompt report and formal complaint, Defendants did not initiate the Title IX grievance process until July 9, 2020. They then failed to issue any outcome until February 25, 2021. Despite affirming T.D.'s responsibility for the rape on April 1, 2021, upon information and belief, Defendants never issued

---

[1] At all times relevant, Defendant RU and NJIT had a consortium relationship allowing their respective students to access the other institution's educational programs and activities, as well as physical campus buildings.

3

any corrective action against him. Due to the highly personal and sensitive nature of this matter, Ms. Doe requests that this Court grant her Motion Seeking Leave to Proceed under Pseudonym.

## ARGUMENT

The U.S. Supreme Court has recognized a common law right for the public to inspect and copy judicial records and documents. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); *see also* Littlejohn v. BIC Corp., 851 F.2d 673, 677–78 (3d Cir. 1988); Locascio v. Balicki, Civil Action. No. 07-4834, 2011 WL 2490832, at *6 (D.N.J. June 22, 2011). The Third Circuit has recognized that this right is not absolute and thus a party may rebut the presumption of public access. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). Courts have inherent supervisory authority to control access to judicial records and documents. *Id.* (*quoting* Nixon, 435 U.S. at 598). Thus, upon a motion to the court seeking to seal a portion of the record, the movant party "bears the burden of showing that the material is the kind of information that courts will protect" and that the "disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (*quoting* Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (*quoting* Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)); *cf.* Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 165 (3d Cir. 1993); Locascio, 2011 WL 2490832, at *6 (requiring a showing of good cause to protect the information sought to be sealed); *accord* Fed. R. Civ. P. 5.2(e). Courts may seal information upon a finding of a "compelling countervailing interest" to overcome the presumption of public access. *Id*. (quoting *Miller*, 16 F.3d at 551 (citation omitted).

Pursuant to L. Civ. R. 5.3(c), the moving party must show: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing

the same materials in the pending action; and (f) the identify of any party or nonparty known to be objecting to the sealing request."

  **A.**  **Nature of the Materials at Issues**

To avoid any risk of unfairness, Ms. Doe has provided Exhibit A to her Motion Seeking Leave to Proceed Under Pseudonym ("Exhibit A"), which is an affidavit from her counsel containing Ms. Doe's name, date of birth, and permanent residential address, to Defendants and this Court. This Court should seal Exhibit A to avoid revealing Ms. Doe's true identity to the public, which she seeks to maintain as private in this highly sensitive and personal matter.

  **B.**  **Legitimate Private Interest Warranting Relief Sought**

Pursuant to Fed. R. Civ. P. 5.2(a)(2), Ms. Doe has a legitimate privacy interest in her date of birth, which has been provided as part of her personal identifying information contained within Exhibit A. Furthermore, pursuant to the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, Ms. Doe has a legitimate privacy interest in protecting her personal identifying information and educational records as college student. FERPA specifically prohibits educational institutions receiving federal funding from releasing a student's personal identifying information or records absent the student's explicit, written consent. *Id*. Additionally, pursuant to the local civil rules amended on June 24, 2021, specifically under Section 17 on "Sensitive Information" under the "Electronic Case Filing Policies and Procedures," this Court already recognizes that "information regarding the victim of any criminal activity" is sensitive information in the context of criminal cases. *Id*. Ms. Doe argues here that such information should still be considered sensitive in related civil case, especially since her criminal case against T.D. remains pending. (Pl. Compl., ¶ 43.)

  **C.**  **Clearly Defined and Serious Injury at Risk Absent Relief Sought**

Ms. Doe is a rape victim awaiting a prosecutorial decision regarding the crime allegedly committed against her by T.D. (Pl. Compl., ¶ 43.) During the 2020-2021 school year, lived in such fear that T.D. may find and retaliate against her for the criminal complaint that she transferred universities and moved across the country to ensure her own safety and wellbeing. (Pl. Compl., ¶¶ 3, 4.) As a crime victim, Ms. Doe faces a clearly defined and serious risk of retaliation against her by an offender who already raped her despite attempts to resist him physically and verbally. Pl. Compl., ¶ 39.) This Court has previously taken action to protect the privacy of sexual violence victims to prevent their harassment, stalking, and revictimization. *See, e.g.,* Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014). Due to Ms. Doe's reasonable fear of further violence or harassment, she hereby requests that this Court grant this very limited Motion meant to protect only her personal identifying information of name, date of birth, and permanent residential address.

### D.     No Less Restrictive Alternative Available Beyond Relief Sought

Ms. Doe has set forth her personal identifying information in Exhibit A to inform the Court and Defendants. Placing only Exhibit A under seal is the most narrowly tailored protection of Ms. Doe's identity and thus her privacy while still allowing continued public access to all remaining portions of the Court record, so there are not any less restrictive alternatives.

### E.     No Prior Order Sealing Same Material Pending in This Action

Ms. Doe filed this motion contemporaneously with her filing of the Civil Complaint in this action and her Motion Seeking Leave to Proceed Under Pseudonym, which is currently pending before this Court. Ms. Doe has otherwise not taken any prior action to seek leave to seal her personal identifying information outside of this Motion.

### F.     No Parties or Non-Parties Known to Object to this Motion to Seal

Ms. Doe has conferred with counsel for Defendants who do not oppose this Motion. Ms. Doe is not aware of any non-parties who might object to this Motion at this time.

## **CONCLUSION**

For the foregoing reasons, Ms. Doe respectfully requests that the Court issue a protective order permanently sealing Exhibit A to Plaintiff's Motion for Leave to Proceed Under Pseudonym.

This 30th day of December 2021.                    Respectfully Submitted,

*[signature]*
_____
Brian Kent (N.J. Bar No. #041892004)
Guy D'Andrea (*pro hac vice* pending)
LAFFEY BUCCI KENT, P.C.
1100 Ludlow Street, Suite 300
Philadelphia, PA  19107
T: 215-399-9255
F: 215-857-0075
BKent@laffeybuccikent.com
GDAndrea@laffeybuccikent.com

Laura L. Dunn, Esq. (*pro hac vice* pending)
L.L. DUNN LAW FIRM, PLLC
1717 K Street NW, Suite 900
Washington D.C. 20006
T: 202-302-4679
F: 202-776-0136
LDunn@lldunnlawfirm.com