UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **VERONICA DOE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 21-20763 (ES) (MAH) |
| : | |
| **RUTGERS UNIVERSITY, et al.,** : | |
| : | |
| **Defendants.** : | **ORDER** |
| : | |

**THIS MATTER** having come before the Court by way of Plaintiff Veronica Doe's motion to seal D.E. 3, Exhibit A to "Plaintiff's Motion for Leave To Proceed under Pseudonym" [D.E. 5];

and the Court having received no opposition to the motion;

and the Court making the following findings of fact and conclusions of law in accordance with Local Civil Rule 5.3(c)(6);

and the United States Court of Appeals for the Third Circuit Court having recognized that there is a "common law public right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001);

and Plaintiff, as the party moving for an order sealing a court record, having the burden to demonstrate that good cause exists to overcome the presumption in favor of public access, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted);

and Local Civil Rule 5.3 providing that, in determining whether a movant has demonstrated good cause, the Court should consider:

> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available
> (e) any prior order sealing the same materials in the pending action; and
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

and it appearing that the Complaint alleges that Plaintiff was the victim of an alleged sexual assault that occurred at Defendant Rutgers University's Newark campus [D.E. 1, at ¶ 127];

and the Court having granted Plaintiff's motion to proceed under pseudonym on January 25, 2022 [D.E. 8];

and the Court having considered Plaintiff's submissions in support of the instant motion [D.E. 5];

and it appearing that the exhibit Plaintiff wishes to seal contains her personal identifying information, including her name, date of birth, and address[1] [D.E. 3];

and the Court finding that Plaintiff has a clear interest in maintaining her anonymity, given the nature of this action, *see Doe v. Lund's Fisheries, Inc.*, Civ. No. 20-11306, 2020 WL 6749972, at *2 (D.N.J. Nov. 17, 2020), and that Plaintiff also has an interest in not having her personal identifying information publicly disclosed, *Platt v. Freedom Mortg. Corp.*, Civ. No. 10-968, 2013 WL 6499252, at *10 (D.N.J. Dec. 11, 2013);

and the Court further finding "there is a strong public interest to maintain the

---

[1] Plaintiff represents that, in addition to filing Exhibit A under seal with the Court, she has provided the exhibit to Defendants. [D.E. 5-2, at p. 5].

confidentiality of plaintiff's identity due to h[er] status as an alleged victim of sexual assault and the highly sensitive and personal nature of the allegations underlying plaintiff's complaint," *Lund's Fisheries, Inc.*, 2020 WL 6749972, at *3 (citing *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001)); *accord Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. 2014);

and Plaintiff having argued that she, "[a]s a crime victim, . . . faces a clearly defined and serious risk of retaliation," as well as further violence and harassment, if the motion is not granted [D.E. 5-2, at p. 6];

and the Court determining that a less restrictive alternative to the relief sought by Plaintiff is not available;

and the Court concluding, in light of the foregoing, that the factors of Local Civil Rule 5.3(c) weigh in favor of granting the motion to seal and that Plaintiff has established good cause to seal D.E. 3,

**IT IS on this 25th day of January 2022**,

**ORDERED** that Plaintiff's motion to seal D.E. 3 [D.E. 5] is **GRANTED.**

                              /s Michael A. Hammer
                              **Hon. Michael A. Hammer**
                              **United States Magistrate Judge**