

**SEAN R. KELLY**
973.645.4801
SKelly@Saiber.com

September 29, 2022

**VIA ECF**
Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

  Re: *Veronica Doe v. Rutgers University, et al.*
     Civil Action No. 21-20763 (EP) (MAH)
     Joint Status Report in advance of Settlement Conference
     scheduled for November 1, 2022 at 11:00 A.M.

Dear Judge Hammer:

  Our firm represents Defendants in this matter. Pursuant to ¶ 7.a. of Your Honor's Revised Pretrial Scheduling Order (ECF No. 26), the parties hereby submit this joint status report to assist the Court in determining "whether the in-person settlement conference may proceed as scheduled" on November 1, 2022, at 11:00 A.M.

  **Written Discovery:** The parties exchanged written discovery in the time allowed by the Revised Pretrial Scheduling Order. Each side anticipates making a supplemental document production of documents before the end of this month and by the end of the discovery period, if needed.

  **Depositions:** Plaintiff has deposed the following individuals:

- Rutgers' employee Anwaar Najmi on August 2, 2022;
- Rutgers' employee Christie Howley on August 17, 2022; and
- Defendant Dr. Scott Strother, a former Rutgers' employee, on September 13, 2022.

  Plaintiff intends to take depositions of at least six more fact witnesses – including two non-parties, three named Rutgers personnel, and one or more Rutgers 30(b)(6) witnesses – in the period from October through December.

  Defendants plan to take Plaintiff's deposition on October 14, 2022. Defendants have not determined whether to take any other depositions.

Honorable Michael A. Hammer, U.S.M.J.
September 29, 2022
Page 2

**Discovery Issues Raised by Plaintiff:**  On September 23, 2022, Plaintiff contacted Defendants concerning two discovery issues:

- **Defendants' Answers to Interrogatories**:  Pursuant to Fed. R. Civ. P. 33, Plaintiff requested that Defendants provide specific identification of documents that Defendants referenced in connection with their answers to certain Interrogatories.  Counsel have conferred on this issue and are working toward a resolution by which Defendants shall provide more specific identification as requested.  Defendants expect to provide the requested information by October 11, 2022.

- **Waiver of Privilege**:  This issue remains unresolved.
    - Plaintiff contends that Rutgers waived the attorney-client privilege as to certain communications:  (1) current Rutgers employee Christie Howley's deposition testimony on <u>what she asked Rutgers' general counsel about</u> without an objection raised by counsel representing both Defendants.  (Howley Dep. 28:20-29:21); (2) production by Defendants showing former Rutgers employee Defendant Scott Strother revealing the <u>topic of his communications with Rutgers' general counsel</u> in correspondence with Rutgers University Police Department (RUPD) (Rutgers 87 CONFIDENTIAL); and (3) Defendant Strother's deposition testimony about <u>communications by Rutgers' general counsel</u> during Plaintiff Veronica Doe's Title IX grievance process without an objection raised by counsel representing both Defendants.  (Strother Dep. 102:4-7, 302:11-14 & 307:3-9).  Plaintiff preserved the waiver of privilege argument during Howley's deposition while keeping the deposition open noting that counsel would seek Court guidance after receiving an expedited transcript.  The Court's Revised Pretrial Scheduling Order does not say Plaintiff has waived her argument about the same by holding open the deposition while waiting on the transcripts.  Id., ¶ 5 ("Failure to contact Chambers for intervention before adjourning that deposition *may* constitute waiver of the right to seek relief from the Court." (Emphasis added.)  Regardless, the Court's Order does not address any waiver from the production itself, which goes on to explain the inquiry that Rutgers' general counsel wanted Defendant Strother to discuss with RUPD.
    - Defendants contend that none of the three items cited above by Plaintiff constitutes a waiver of privilege, for the following reasons:  (1) Ms. Howley properly testified to the non-privileged <u>fact</u> that she reached out to a Rutgers in-house attorney, and, upon the timely invocation of privilege by Rutgers' counsel, Ms. Howley properly declined to disclose the privileged <u>substance</u> of any legal advice that was given by that attorney. (2)  The email from Dr. Strother to the campus police (which does not include any Rutgers in-house attorney) was properly produced without assertion of privilege because it merely refers to the non-privileged <u>fact</u> that Dr. Strother was emailing the campus police for assistance "At the instruction of our Office of General Counsel," and makes no reference to the privileged <u>substance</u> of any legal advice from counsel. (3) The cited excerpts from Dr. Strother's deposition

Honorable Michael A. Hammer, U.S.M.J.
September 29, 2022
Page 3

testimony do not even show that Dr. Strother had any involvement in or first-hand knowledge of any privileged communication, but rather refer only to the <u>fact</u> that that Rutgers' Office of Employment Equity (which was not the office in which Dr. Strother worked) communicated with Rutgers in-house attorneys, and do not disclose the privileged <u>substance</u> of any legal advice given by the Rutgers in-house attorneys.  (4) The attorney-client privilege as to legal consultation between Rutgers employees and the University's Office of General Counsel belongs solely to Rutgers, and neither Dr. Strother nor Ms. Howley has the authority to waive that privilege.  (5) In all events, Plaintiff waived her right to raise these issues with the Court at this time because these issues arose in the course of depositions and Plaintiff did not contact the Court to resolve these issues during the depositions, contrary to the Court's Revised Pretrial Scheduling Order at ¶ 5:  "If an unresolved dispute arises at a deposition, then the parties **must** contact the Chambers of the Undersigned for assistance during the deposition. Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court."  (Emphasis in original.)

\* \* \*

The parties are prepared to participate in the in-person settlement conference scheduled for November 1, 2022, at 11:00 A.M.

We thank the Court for its assistance.

> Respectfully submitted,
> *s/ Sean R. Kelly*
> SEAN R. KELLY

cc:   Counsel of Record (via ECF)