UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**VERONICA DOE,**

                **Plaintiff,**

     v.

**RUTGERS UNIVERSITY et al.,**

                **Defendants.**

Civil Action No. 21-20763 (EP) (MAH)

**ORDER**

---

      **THIS MATTER** having come before the Court by way of the parties' joint status letter dated September 29, 2022, which the Court construes as Plaintiff's request for the Court to find that Defendants waived the attorney-client privilege as to three distinct communications [Joint Letter, D.E. 41, at 2];

      and the Court having considered the parties' dispute without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

      and Plaintiff first contending that Rutgers employee Christie Howley's provided deposition testimony regarding her communications with Rutgers' general counsel, without an objection raised by Defense counsel [*Id.*];

      and Plaintiff next contending that Defendants' document production showed that former Rutgers employee Defendant Scott Strother revealed the "topic of his communications with Rutgers' general counsel" in correspondence with the Rutgers University Police Department ("RUPD") [*Id.*];

      and Plaintiff lastly contending that Defendant Strother provided deposition testimony about communications by Rutgers' general counsel during Plaintiff's Title IX grievance process, without an objection raised by Defense counsel [*Id.*];

1

and Defendant in opposition arguing that as to the first communication, Ms. Howley only testified as to the non-privileged fact that she reached out to a Rutgers attorney, but declined to disclose the privileged substance of any legal advice that was provided [*Id.*];

and Defendant next arguing that as to Defendant Strother's document production involving the RUPD, such document was produced without assertion of privilege because it refers solely to the non-privileged fact that Defendant Strother indeed emailed the RUPD "at the instruction of [Rutgers'] General Counsel," but does not reference the privileged substance of any legal advice from counsel [*Id.*];

and Defendant further arguing that, as to the third communication, Defendant Strother's testimony only reveals the non-privileged fact that Rutgers' Office of Employment Equity, of which Defendant Strother was not a part of, communicated with Rutgers' attorneys, but that testimony does not reveal any legal advice [*Id.* at 2-3];

and Defendant also arguing that as between Rutgers and its employees, the attorney-client privilege belongs solely to Rutgers, and neither Defendant Strother nor Ms. Howley have authority to waive that privilege [*Id.* at 3];

and Defendant lastly arguing that by failing to raise the issues with the Court during the individuals' depositions, Plaintiff waived her right to raise the issues with the Court [*Id.* (quoting Revised Pretrial Scheduling Order ¶ 5 [May 10, 2022, D.E. 26])];

and the Court having considered the parties' arguments, the law, and the record;

and the Court finding first that a party does not waive the attorney-client privilege by virtue of disclosing the fact that the individual had called counsel, without disclosing the actual substance of the conversation, particularly any legal advice or strategy, *see, e.g., Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 862 (3d Cir. 1994) (stating that the attorney-client

privilege protects communications between legal counsel and a client (or prospective client) to secure either "(i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding") (citing *In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979)); *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98 (D.N.J. 1990) (stating that the attorney-client privilege protects the disclosure of protected communications, not facts);

and the Court finding that Defendants have not waived the attorney-client privilege as to Ms. Howley's deposition testimony because such communication reveals the fact that Ms. Howley had communicated with counsel, but that fact in and of itself is not privileged since it does not convey any substance of an attorney-client communication;

and the Court similarly finding that Defendants have not waived the attorney-client privilege as to Defendant Strother's deposition testimony about communications by Rutgers' general counsel during Plaintiff's Title IX grievance process, because the mere fact of such communications, absent any legal advice or strategy, is not privileged;

and the Court next finding that the email from Defendant Strother to RUPD cannot be privileged because no attorney or agent of the attorney was involved in the communication, *In Robertson v. Central Jersey Bank & Trust Co.*, 834 F. Supp. 705, 708 (D.N.J. 1993) (stating that the attorney-client privilege may protect communications solely between legal counsel and a client); therefore, by definition, the document does not consist of an attorney-client communication, the purpose of which is to seek legal advice or strategy;

and the Court additionally finding that Paragraph 5 of the Court's Revised Pretrial Scheduling Order mandates that the parties contact Chambers for any disputes arising during a deposition:

> If an unresolved dispute arises at a deposition, then the parties **must** contact the Chambers of the Undersigned for assistance during the

deposition.  Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.

[May 10, 2022, Revised Pretrial Scheduling Order, D.E. 26, ¶ 5];

and Plaintiff, having failed to contact the Court regarding the issue on attorney-client privilege, has waived the right to seek relief now;

and the Court finding that Plaintiff has not shown good cause to grant the instant request:

**IT IS on this 22nd day of November 2022,**

**ORDERED THAT** Plaintiff's request that the Court find that Defendants have waived the attorney-client privilege as to (1) Ms. Howley's deposition testimony concerning her communications with Rutgers' general counsel; (2) Defendant Strother's document production revealing the topic of his communications with Rutgers' general counsel in correspondence with RUPD; and (3) Defendant Strother's deposition testimony about communications by Rutgers' general counsel during Plaintiff's Title IX grievance process, is **denied**.  The Court reminds the parties that should an unresolved dispute arise at a deposition, the parties **must** contact the Chambers of the Undersigned for assistance **during** the deposition.  Failure to contact Chambers for intervention before adjourning that deposition may constitute waiver of the right to seek relief from the Court.[1]

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

---

[1] To be clear, any dispute left unresolved at a deposition must be brought to the attention of the Court *before* the parties adjourn the deposition that day.  It is not sufficient for the parties to leave the deposition open and file a letter to the Court regarding a dispute that occurred whilst the deposition was in progress.