

**SEAN R. KELLY**
973.645.4801
skelly@saiber.com

April 24, 2023

**VIA ECF**
Honorable Michael A. Hammer, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    *Veronica Doe v. Rutgers University, et al.*
             Civil Action No. 21-20763 (EP) (MAH)
             **Request for Conference Concerning Plaintiff's Experts**

Dear Judge Hammer:

    As counsel for defendants in this matter, I respectfully submit this joint letter at the suggestion of plaintiff's counsel. We write to inform the Court that there appears to be a misunderstanding in the Court's text order of Friday, April 21, 2023, directing counsel to still meet-and-confer.

    Counsel on both sides wish to assure the Court that we met-and-conferred in good faith promptly after the April 11 text order by teleconference on April 12, 2023. We are, moreover, pleased to advise that counsel successfully resolved one of the two issues that were presented to the Court – that is, plaintiff's request for Defendants to produce the Maxient Audit Trail. Defendants have produced this to Plaintiff, and Plaintiff's expert has submitted a supplemental expert report incorporating that information April 21.

    Both counsel were fully prepared to appear for the teleconference with the Court originally scheduled for 10 a.m. this past Friday to explain this resolution and discuss our remaining dispute – that is, Rutgers' request for a stay of discovery as to damages experts

Honorable Michael A. Hammer, U.S.M.J.
April 24, 2023
Page 2

pending disposition of a motion to bar such experts. We had not previously reported the meet and confer effort to the Court because of the Court's text order on April 11, 2023, which directed the parties not to make further submissions until the teleconference scheduled for this past Friday.

The Court's text order of Friday afternoon (Document Number 74) refers to "the parties' failure to meet and confer" and directs the parties to "undertake their meet-and-confer immediately." As explained above, counsel have indeed met-and-conferred, with partial success and would have alerted the Court via joint submission if we believed it appropriate based on the April 11 text order. The failure of last Friday's teleconference to go forward was not the result of any failure of counsel to meet-and-confer; rather, it was simply the result of a last-minute change in the Court's scheduled time for the teleconference, and the unavailability of plaintiff's counsel at that time despite their best efforts to accommodate the schedule change.

Both counsel hope that this joint letter corrects any misunderstanding about our compliance with Your Honor's directive to meet-and-confer.

        Respectfully submitted,

        *s/ Sean R. Kelly*

        SEAN R. KELLY

SRK/ma
cc:    Counsel of Record (via ECF)

01671302.DOCX