**L.L. DUNN LAW FIRM, PLLC**

June 27, 2024

**Submitted via Electronic Filing**
Honorable Evelyn Padin, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Newark
New Jersey 07101

    Re:    *Veronica Doe v. Rutgers,* et al.*, Civil Action No. 21-20763 (EP) (MAH)*

Dear Judge Padin,

On March 1, 2024, the parties jointly proposed summary judgment deadlines and procedures approved by the Honorable Michael A. Hammer, U.S.M.J., on March 4, 2024. (ECF No. 100.) Plaintiff has since understood her filing obligation to be as ordered by this Court, which is to "file all papers in support of an in opposition to her motion for summary judgment," and that Defendants' filing obligation would be to "file all papers in support of and in opposition to their motion for summary judgment." (*Id*.) Indeed, on June 3, 2024, after conferring with opposing counsel about the oddity of filing each other's opposition briefs, I personally called Judge Hammer's chambers for confirmation of this approach, received confirmation, and sent that information to opposing counsel.

Despite these best efforts to ensure a smooth filing process, today, on June 27, 2024, Plaintiff's counsel discovered that Defendants had filed only their motion for summary judgment along with *their* opposition brief (as opposed to the opposition brief to their motion for summary judgment as served by Plaintiff). After alerting opposing counsel to this non-compliance with the court order, and discussing possible solutions, to avoid further loss of time and resources, Plaintiff's counsel file as ordered by the court, and also file our opposition since Defendants' counsel has not agreed to do so after conferring through email and phone today about this concern.

Defendants have joined this letter, and respond as follow:

The Order setting forth the summary judgment briefing deadlines and procedures for filing was drafted by counsel for Defendants (ECF No. 100), and counsel for Defendants intended for each party to file their respective motion papers in connection with the motions for summary judgment. Indeed, Defendants did not believe it would be appropriate to file Plaintiff's opposition to Defendants' motion for summary judgment given that they have been signed by Plaintiff's counsel. Although this issue could have been obviated had Plaintiff simply filed her opposition papers together with her moving and reply papers – as Defendants explained to Plaintiff prior to her filing – she did not do so and insisted on filing this letter. Defendants respectfully defer to the Court on which party should file Plaintiff's summary judgment opposition papers and what papers each party shall be responsible for submitting to the Court as courtesy copies.

1717 K STREET, NW
SUITE 900
WASHINGTON, DC
20006-5349

745 FIFTH AVENUE
SUITE 500
NEW YORK, NY
10151-0099

OFFICE: 202-822-5023
FAX: 202-776-0136

www.LLDunnLaw.com
@LauraLDunnJD

{01743127.DOCX }

        Respectfully Submitted,

*/s/ Laura L. Dunn*

Laura L. Dunn, Esq.
LLD@LLDunnLaw.com
202-302-4679 (cell)